11-1191-ag
Ndoci v. Holder

BIA
A098 690 462

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand eleven.

PRESENT:
        PIERRE N. LEVAL,
        JOSÉ A. CABRANES,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

AGRON NDOCI,
        *Petitioner,*

        v.                                    11-1191-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Saher J. Macarius, Framingham, Massachusetts.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Christina Bechak Parascandola, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Agron Ndoci, a native and citizen of Albania, seeks review of a March 17, 2011 decision of the BIA denying his motion to reopen. *In re Agron Ndoci*, No. A098 690 462 (B.I.A. Mar. 17, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Ndoci's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Ndoci's motion was untimely because it was filed more than three years after the agency's final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(I). There is no time limitation for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). The BIA reasonably concluded that Ndoci's motion to reopen did not meet any of the exceptions to the applicable time limitations.

2

Ndoci argues that the BIA failed to consider new and material evidence of changed conditions in Albania. We reject his argument, as the BIA's decision expressly referenced that evidence, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006), and the BIA properly exercised its discretion in determining that it was not material to Ndoci's claim for relief. For example, the evidence Ndoci submitted describing an alleged blood feud was not material because it described violence between two families rather than politically motivated or targeted violence. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999). In any event, there was no evidence that the Albanian government was unable or unwilling to protect him from the blood feud. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006).

The BIA also did not abuse its discretion by relying on the underlying adverse credibility determination to decline to credit evidence that depended upon Ndoci's veracity, such as the unsworn statement that purported to be from his brother. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir 2007). As that discredited evidence provided the only support for Ndoci's assertion that Albanian authorities

3

had threatened to kill him because of his support for an opposition party in Albania, the BIA did not err in finding that he failed to demonstrate material changed country conditions. *See id.*

Ndoci also moved to reopen to apply for adjustment of status. However, eligibility for adjustment of status is not an exception to the applicable time limitation on motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3); *see also Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009). Even if we were to construe his motion as one invoking the BIA's authority to reopen his proceedings *sua sponte*, we would lack jurisdiction to review the BIA's discretionary decision not to exercise that authority. *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

4

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk