Kimca v. Lynch

BIA
A079 128 217
A079 128 218

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand fifteen.

PRESENT:
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

JOLA KIMCA, EJLDIN KIMCA,
> *Petitioners,*

v.                                                    13-3320
                                                      NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.**

_____

FOR PETITIONERS:        Kai W. De Graaf, New York, NY.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney General; Carl McIntyre, Assistant

_____

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**Director; Brooke Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Jola and Ejldin Kimca[**], natives and citizens of Albania, seek review of the August 27, 2013, decision of the BIA denying their motion to reopen. *In re Jola Kimca, et al.*, Nos. A079 128 217/218 (B.I.A. Aug. 27, 2013). We assume the parties' familiarity with the underlying facts and procedural history of the case.

An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

The BIA's regulations prohibit it from reopening proceedings for an alien who has departed. 8 C.F.R. § 1003.2(d). This Court has narrowed that so-called "departure bar" to *sua sponte* (*i.e.*, regulatory) reopening.

---

[**] The claims of Jola Kimca's son, Ejldin, are entirely derivative of her claim.

*See Luna v. Holder*, 637 F.3d 85, 100-02 (2d Cir. 2011)(invalidating departure bar with respect to statutory motions to reopen); *Zhang v. Holder*, 617 F.3d 650, 655-65 (2d Cir. 2010) (upholding departure bar with respect to regulatory reopening).  So, an alien's departure from the United States does not prevent the agency from reopening proceedings, but only if the alien's motion to reopen is meritorious, timely and not number barred.  If, on the other hand, the departed alien's motion does not comply with the statute (*e.g.*, it is untimely or number barred), the departure bar applies, and the agency lacks jurisdiction to reopen *sua sponte*.  *See Luna*, 637 F.3d at 100-02.

Here, there is no dispute that Kimca filed the motion to reopen after departing the United States, and that her motion was untimely as it was filed more than nine years after the BIA's final administrative decision.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  The time and number limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Kimca argues that the BIA abused its discretion by failing to consider new and material evidence of changed conditions in Albania.  We reject this argument as the BIA's decision expressly referenced that evidence.. . *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (noting that the BIA does not need to expressly parse or refute every piece of evidence submitted by the petitioner). . The BIA did not abuse its discretion in determining that evidence of an alleged blood feud was not material because it described violence between two families that was criminal in nature rather than politically motivated violence. *See Ndoci v. Holder*, 448 F. App'x 141 (2d Cir. 2011) (evidence of a blood feud in Albania did not constitute changed country condition that would justify petitioner's untimely motion to reopen removal proceedings, where there was no allegation of politically motivated or targeted violence, and no evidence that Albanian government was unable or unwilling to protect the petitioner)*; see also Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999) (finding that general civil strife does not establish a well-founded fear of persecution).  In any event, Kimca did not provide any evidence that the Albanian government was

unwilling to protect her from the blood feud. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) (recognizing that private acts can give rise to persecution if the government is shown unwilling to control such actions). Accordingly, the BIA did not abuse its discretion in denying Kimca's motion to reopen because her evidence failed to establish changed country conditions. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk